Wyly, J.,
dissenting. Article 594 of the Code of Practice provides, that from the moment citation of appeal is served on the appellee, the appellant can not withdraw the appeal, etc. Article 595 provides that appellant may withdraw his appeal, on motion in the lower court, before the appellee has been cited, and in such case he may renew the appeal within the time allowed for taking an appeal. Article 596 says: “If, on the execution of the judgment of the appellate court, *709 there is not sufficient property of the appellant to satisfy the judgment and costs, the appellee may obtain judgment against the surety given by the appellant; provided, that no suit shall be instituted against such security, until the necessary steps shall have been taken to enforce payment against the principal.” And the language of article 597 is: “ The rules provided in the preceding articles shall govern all appeals to the Supreme Court, whether the same be taken from judgments rendered by district courts or parish courts.”
Now, if the rule stated in article 596 is to govern or shall apply to all appeals to the Supreme Court, are we not bound, by the express command of the lawgiver, to apply it to this case, where a surety is sued and sought to be made liable on an appeal bond ?
Article 596 must apply to this suit upon a suspensive appeal bond from an order of seizure and sale, because, in precise terms, article 597 declares it shall apply to all appeals, to the Supreme Court. The article is clear and free from ambiguity. There is no room for construction, or for an argument supporting the views of the majority of the court, based upon convenience and the equitable rights of the parties. The rights of the parties have been fixed in precise terms by the law, and this we must administer to them as we find it.
By article 596, which I have quoted and which I regard as the law of the case, the appellee may obtain judgment against the surety on the appeal bond, if, “on executing the judgment of the appéllate court, there is not sufficient property of the appellant to satisfy the judgment and costs“ provided that no suit shall be instituted against such security, until the necessary steps shall have been taken to enforce payment against the principal.”
Here the appellee has executed the order of seizure and sale, affirmed by the Supreme Court, and there was not sufficient property of the appellant (embraced in the mortgage) to satisfy the judgment and costs. And without taking necessary steps to enforce the payment of the balance of the debt against the principal, the appellee rushes into court with a rule and proposes to take judgment against the surety.
Appellee has complied with one clause of article 596; she has enforced the order of seizure and sale against the mortgaged property of the appellant and found it insufficient to pay the judgment and costs, but she has in no sense complied with the other clause of that article contained in the proviso, which is: “ That no suit shall be instituted against such security until the necessary steps shall have been taken to enforce payment against the principal.”
Now, I take it that this proviso is a most important part of the article; it was not thrown in as a high sounding and meaningless clause, in order to round off the article.
*710 Appellee has complied with one clause and ignored the other; and jn this, it seems to me, she has been sustained by the majority of the court.
I can not see how the appellee has complied with the proviso, the condition precedent to suing the security. How has sbe taken “the necessary steps to enforce payment against the principal?” Has she sued the principal? She has not. Has she shown the insolvency.of the principal and, therefore, her right' to be exonerated from suing him, because the law does not require a vain thing? There is no proof in the record showing the insolvency of the principal.'
In my opinion the clause “ necessary steps to enforce payment against the principal,” means necessary legal steps; a suit, judgment and an attempt to make the money on execution. This the appellee Las not attempted to do. She asks to be excused from complying with the law (the proviso of article 596), on the ground that it would be inconvenient, that great delay might occur in suing the principal, because lie might take an appeal, etc. To this my reply is, that an argument of inconvenience or hardship accruing to the appellee can not be opposed to or be made to override an express provision of law.
Besides the rule of practice stated in article 596 of the Code of Practice, which plaintiff has failed to comply with, I find the same requirement in article 3066 of the Revised Code,"under the title of suretyship. That article declares that: “A judicial surety can not demand the discussion of the property of the principal debtor. But no suit shall be instituted against any surety on an appeal bond, nor on the bond of any administrator, tutor, curator, executor or-syndic, until the necessary steps have been taken to enforce payment against the principal.” Have the necessary legal steps been taken to enforce payment against the principal, in the case at bar? They have not. Then by the express terms of the prohibitory' law quoted, plaintiff can not sue the defendant representing the surety on the appeal bond.
I also object to the 'conclusion of my learned associates, because in my opinion, it, in effect, makes the condition of the surety ón a suspensive appeal bond in an order of seizure and sale more onerous than that of the principal, thereby subverting an important principle of the law of suretyship and the express provision of article 3037 of the Revised Code.
For the payment of the balance due after exhausting the mortgaged property, the principal is only suable by the appellee in a personal action; he must be cited and be permitted to enjoy all the delays of an ordinary suit. The surety, however, is not thus favored ; he is proceeded against summarily by rule;' he is not cited; he can not enjoy the delays accorded to the principal. The money may be made speed *711 ily of him ; but no summary remedy is given by which he can recover from the principal that which he has been compelled to pay on his account. I am slow to believe that the lawgiver gives the creditor a more summary remedy against the surety than he has against the principal. It looks to me like changing the position of the surety and principal, or making the position of the former more onerous than the latter.
The question was never presented to this court before. It is an important one. If the conclusion of the majority of the court is adhered to as the true exposition of the law, the result will be, that after the mortgaged property has been sold on an order of seizure and sale that has been affirmed on appeal, no appellee will hereafter sue the appellant for the balance due him; he will proceed at once by rule' against the surety on the appeal bond, and leave the latter to make the money as best he can from the principal debtor.
In view of article 596 of the Code of Practice, and also the express provision of article 3066 of the Revised Civil Code, I adhere to the opinion expressed in our former decision of this case, that the surety can not be made liable until all legal means have been exhausted against the principal.
When judgment has been recovered against the principal for the balance due to the plaintiff and the money can not be made on execution, a rule will lie and the surety can. be made liable, but not till then, unless by insolvency it would become useless to sue the principal.
If the principal should appeal, as in the case supposed by counsel for plaintiff, and another ■ suspensive appeal bond were given, the result would be, according to my view of the law, the appellee would have recourse against the surety on each of the bonds for the payment of the debt, it the principal could not be made to pay after taking necessary legal steps. But if the money could be made on execution out of the principal, neither of the sureties on the two -bonds would be liable.
Much stress is laid on the case of Alley v. Hawthorn, 1 An. 122, which decides: that the creditor is not bound to discuss the whole estate of the principal. He is in no case bound to do more than take out an execution, and where, in consequence of a change in the condition of the estate of the principal, it can not be reached by that process, no act is required on the part of the creditor to secure his immediate recourse against the surety. I entirely concur in the soundness of that decision; but I fail to perceive its application to this case.
Unless by a stretch of fancy it should be supposed that a change has happened in the condition of the principal, so as to put his prop *712 erty beyond the reach of execution, when the mortgaged property has been sold and the executory process can not be directed toward other property of the principal. This is a mere falacy. . Executory process exhausted against the mortgaged property, can not for the balance due the creditor, be directed against the other property of the principal, if he were a millionaire. The wealth, solvency or pecuniary condition of the principal is a matter of total indifference. The residue of the money can not be made on execution, after the sale of the mortgaged property, not on account of any change of condition of the principal, but solely because the law does not allow an execution to issue for the balance due after exhausting the mortgage, until a judgment has been rendered for such balance. In the case at bar the money can not now be made on execution because there is no judgment against the principal.
The insolvency or change of condition of the principal is not in this case.
Here the sole question is, can the surety on a suspensive appeal bond in an order of seizure and sale, be proceeded against by rule for the balance due after exhausting the mortgage, where no personal judgment has been rendered against the principal for said balance, and where it is not shown that a change has happened in the condition of said principal so that the money can not be made on execution against him.
For the reasons stated and those given in the first opinion of this court in this case, I dissent.